UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION
Case No. 5:20-cv-00077-TBR

DAWN WALKER                                                                                         PLAINTIFF

v.

SARABETH MARTIN, MD
and
OLYMPUS CORPORATION OF THE AMERICAS                                    DEFENDANTS

## MEMORANDUM OPINION AND ORDER

This matter comes before the Court upon Defendant Olympus Corporation of the Americas' ("OCA") Motion to Dismiss. [DN 7]. Plaintiff Dawn Walker ("Walker") has responded. [DN 20]. OCA has replied. [DN 21]. As such, this matter is ripe for adjudication. For the following reasons, **IT IS HEREBY ORDERED** that OCA's Motion to Dismiss [DN 7] is **GRANTED**.

### I. Background

On October 2, 2018, Walker had a 6 x 28 urological stent inserted by Defendant Dr. Sarabeth Martin. [DN 1-1 at PageID 14]. "On October 5, 2018, the stent was so painful and there were problems that the Defendant, Sarabeth Martin, M.D. removed the urological stent." [*Id.* at PageID 16]. The urological stent "injured the Plaintiffs kidney and caused her lifelong injury and damage and permanent and lifelong pain". [*Id.*] OCA manufactured the stent. [*Id.* at PageID 14].

### II. Legal Standard

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). In order to survive a motion to dismiss under Rule 12(b)(6), a party must "plead enough 'factual matter' to raise a 'plausible' inference of wrongdoing." *16630 Southfield Ltd. P'ship v. Flagstar Bank*, F.S.B., 727 F.3d 502, 504 (6th Cir. 2013) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ). A claim becomes plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the

defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007)). When considering a Rule 12(b)(6) motion to dismiss, the Court must presume all of the factual allegations in the complaint are true and draw all reasonable inferences in favor of the non-moving party. *Total Benefits Planning Agency, Inc. v. Anthem Blue Cross and Blue Shield*, 552 F.3d 430, 434 (6th Cir. 2008) (citing *Great Lakes Steel v. Deggendorf*, 716 F.2d 1101, 1105 (6th Cir. 1983)).

Although Rule 12(b) does not specifically address motions to dismiss based on the alleged expiration of the applicable statute of limitations, a complaint that shows on its face that relief is barred by the affirmative defense of the statute of limitations is properly subject to a Rule 12(b)(6) motion to dismiss for failure to state a claim upon which relief can be granted. *City of Painesville, Ohio v. First Montauk Fin. Corp.*, 178 F.R.D. 180, 193 (N.D.Ohio 1998). A statute of limitations defense essentially signifies that the face of the complaint contains an insurmountable bar to relief, indicating that the plaintiff has no claim. *See Ashiegbu v. Purviance*, 76 F.Supp.2d 824, 828 (S.D. Ohio 1998) (citing *Rauch v. Day & Night Mfg.*, 576 F.2d 697, 702 (6th Cir. 1978)).

### III. Discussion

**A. Statute of Limitations**

OCA argues Walker's claim against it must be dismissed as Kentucky's one-year statute of limitations bars her personal injury, defective product and design, and negligence claims. KRS § 413.140(1)(a) requires potential plaintiffs to commence personal injury actions within one year after the cause of action accrued. Generally, then, a personal injury plaintiff must file suit within one year of her alleged injury. *Michals v. Baxter Healthcare Corp.*, 289 F.3d 402, 406 (6th Cir.2002) (citing *Caudill v. Arnett*, 481 S.W.2d 668, 669 (Ky.1972)). Moreover, the same statute of limitations applies to her products liability claims. KRS § 413.140(1)(a); *Hazel v. Gen. Motors*

*Corp.*, 863 F.Supp. 435, 438 ("[A] product liability plaintiff has one year, after the date he becomes aware of his injury and the offending instrumentality, to file suit.").

Here, Walker was injured on October 2, 2018 when the stent was inserted. In her Complaint, Walker stated, "[w]hen the stent was installed the Plaintiff could not move her body without there being pain being caused by the stent by the way it was inserted, by the design, construction, length of the stent and by the hard material the stent was constructed of on the end of the stent." [DN 1-1 at PageID 16]. Walker was aware that the stent was causing pain because it was removed three days later on October 5, 2018. Therefore, barring some period of tolling, Walker was required to file her Complaint by October 5, 2019.

Walker argues her cause of action did not accrue in October 2019 because she was still being treated by Defendant Dr. Martin and she was not aware of the full extent of her injuries at that time. Walker further argues her cause of action did not accrue until December 2019 because "Plaintiff was not informed, and the Plaintiff did not know at any time before December 2019 that the Plaintiff had a case against either Defendant." [DN 20 at 4]. However, Walker does not cite to any caselaw to support her position.

"In the products liability context, a potential plaintiff's awareness of an injury and of the instrumentality causing the injury is enough to trigger the limitations clock and to impose on the plaintiff the duty to discover the responsible parties." *Reese v. General American Door Co.,* 6 S.W. 3d 380, 383 (Ky. Ct. App. 1998) (citing *Hazel v. General Motors Corp.*, 863 F.Supp. 435 (W.D.Ky.1994)). In Kentucky, the discovery rule can toll a statute of limitations. The Kentucky Supreme Court has defined the discovery rule as follows: "A cause of action will not accrue under the discovery rule until the plaintiff discovers or in the exercise of reasonable diligence should have discovered not only that he has been injured but also that his injury may have been caused by

the defendant's conduct." *Louisville Trust Co. v. Johns–Manville Prods. Corp.*, 580 S.W.2d 497, 501 (Ky.1979) (internal quotations omitted). Using this definition of the rule, two things are required for a claim to accrue: (1) the plaintiff must discover or in the exercise of reasonable diligence should have discovered an injury; and (2) the plaintiff must discover or in the exercise of reasonable diligence should have discovered that the defendant has some causal connection to the plaintiff's injury. The discovery rule generally deals with some latent defect—such as a disease or medical malpractice—and was developed because an "injured party should be allowed to have his day in court when his injury was of an inherently unknowable nature." *Id.* (internal quotations omitted).

Kentucky Courts have routinely held the statute starts to run when an individual discovers a "wrong has been committed and not that the party may sue for the wrong." *Vannoy v. Milum,* 171 S.W.3d 745, 749 (Ky. Ct. App. 2005) (citing *Conway v. Huff,* 644 S.W.2d 333, 334 (Ky. 1982)). Here, Walker was aware that the stent was causing her pain by October 5, 2018. Walker had a "duty to inquire into the safety of [the stent] where it is apparent from the facts that the product may have been a potential cause of an injury." *Fluke Corp. v. LeMaster*, 306 S.W.3d 55, 64 (Ky. 2010). That duty to inquire was triggered on October 5, 2018. Therefore, Walker was required to file suit by October 5, 2019. Walker filed suit in Christian Circuit Court on April 9, 2020. This is more than six months after she was required to file.

Further, the fact that Walker did not know the full extent of her injuries is also without merit. Walker has stated Defendant Dr. Martin did not inform her that the stent injured her kidney. [DN 1-1 at PageID 16]. However, this does not change the Court's analysis. "A cause of action ordinarily accrues on the date of an injury even if a plaintiff is not made aware of the extent of her injury until later." *Cutter v. Ethicon, Inc.,* 2020 WL 109809 at *5 (E.D. Ky. Jan. 9, 2020) (citing

4

*Asher v. Unarco Material Handling*, Inc., 2008 WL 2548800, at *3 (E.D. Ky. June 23, 2008)). Although Walker was not aware of the potentially lifelong injury to her kidney and the hematoma until a later date, she was aware on October 5, 2018 that the stent caused her pain because Defendant Dr. Martin removed the stent. That awareness was enough to trigger the statute of limitations. Therefore, Walker's claims are time-barred.

### B. Failure to State a Claim

The Court need not address OCA's argument that Walker has failed to state a claim because it is clear Walker's claim is time-barred.

### C. Amended Complaint

Walker argues she can amend the Complaint to name the hospital, Jennie Stuart Medical Center, as a defendant. Walker argues "[t]he naming of the hospital as a Defendant will also involve Olympus as a Defendant because Olympus sold and supplied the stent to the hospital and the hospital supplied the stent to the Plaintiff". Adding the hospital as a defendant will not change the Court's finding that the claims against OCA are time-barred.

### IV. Conclusion

For the above stated reasons, **IT IS HEREBY ORDERED** that OCA's Motion to Dismiss [DN 7] is **GRANTED**. All claims against OCA are **DISMISSED WITH PREDJUDICE**. The clerk is directed to terminate OCA as a party.

Thomas B. Russell, Senior Judge
United States District Court

December 3, 2020

cc: counsel